UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80420-CIV-MARRA

RICHARD BILHEIMER, an individual,

Plaintiff,

vs.

FEDERAL EXPRESS CORPORATION,

Defendant.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Richard Bilheimer's Motion to Remand to

State Court and Motion for Attorney's Fees and Costs (DE 12).  The Court has carefully

reviewed the motion and is otherwise fully advised in the premises.

I.  Background

 Plaintiff Richard Bilheimer ("Plaintiff") brings a one-count Complaint for breach of

contract relating to a group short-term disability plan ("STD plan") entered into by Defendant

Federal Express Corporation ("Defendant") and Plaintiff. (Compl. ¶ 2.)  According to the Notice

of Removal filed by Defendant on April 21, 2008, the STD plan is an employee welfare benefit

plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §

1002(1). (DE 1.)   Plaintiff has moved for remand to state court and claims that the STD plan

falls within the "payroll practice" exception of 29 C.F.R. § 2510.3-1(b)(2) and is therefore not

governed by ERISA. (DE 12 at 1.)

The relevant provisions of the STD Plan are as follows:

Article 1
Definitions
Section 1.1
(a) Administrator shall mean the Company, which is charged with the administration of the Plan, acting through its Employee Benefits Department.
(b) Claims Paying Administrator shall mean Kemper National Services or any other entity or person designated as such by the Company
. . . .
(s) Occupational Disability shall mean the inability of a Covered Employee, because of a medically-determinable physical impairment or mental impairment, to perform the duties of his regular occupation.

Article 3
Benefits
Section 3.1 Disability Benefit. Upon receipt by the Claims Paying Administrator of proof that a Covered Employee has incurred a Disability, such Covered Employee shall be entitled to receive a Disability Benefit subject to the limitations and conditions set forth herein.
Section 3.2 Amount of Benefit.  Subject to any applicable reduction for Other Income as provided in Section 3.6, a weekly Disability Benefit shall be payable to a Disabled Covered Employee equal to 70% of such Employee's Covered Compensation.
Section 3.4 Duration and Payment of Benefits
(a) Maximum Duration of Payments Upon receipt by the Claims Paying Administrator of satisfactory proof of the Disability of a Covered Employee, benefits shall commence as soon as practicable after the last day of the Elimination Period and shall continue weekly, as provided herein, for a maximum of 26 consecutive weeks.

Article 5
Administration of Plan
Section 5.1 Funding. The benefits provided under this Plan are self-funded solely from the general, unsegregated assets of the Company as payments become due.

(DE 1.)

The summary plan description for the STD Plan states that STD benefits are "paid from the Company's general assets and are fully paid from contributions made by the Company."  In addition, the summary plan description informs employees that Defendant pays the "full cost" of the plan and provides it at no cost to employees.  (Summary Plan Description, Ex. B. attached to DE 13.)

2

At all relevant times, Defendant filed the appropriate Form 5500s for the STD Plan and distributed and filed the appropriate Summary Annual Reports for the STD Plan (Form 5500s, Ex. C attached to DE 13-4; Summary Annual Reports, Ex. D attached to DE 13-4.)  According to the administrative services contract between Aetna and Defendant, Aetna, as the claims paying administrator for the STD Plan, makes the disability benefit payments by issuing checks drawn directly on an account established by Aetna and funded on a "checks cleared basis" by Defendant.  "Aetna is not a guarantor" and is not responsible for any amount due to a participant. Aetna is responsible for payment of all withholdings, FICA withholdings, the preparation and filing of annual W-2s and other reports to appropriate regulatory agencies. (Administrative Services Contract, Ex. H attached to DE 13-4; Letters to Plaintiff from Aetna, Ex. E attached to DE 13-4.)

II.  Discussion

On a motion for remand, the removing party bears the burden of demonstrating federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). A party who removes a case to federal court pursuant to 28 U .S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the plaintiff's claims arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998).

Federal question jurisdiction is governed by the "well-pleaded complaint" rule. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).   The well-pleaded complaint rule "makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive

reliance on state law." Id.   Unless a federal question is presented on the face of the complaint, the case does not arise under federal law.  Kemp v. International Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Federal question jurisdiction is only proper if the removing party can establish one of the following: (1) a federal claim is asserted on the face of the complaint; (2) under the "artful pleading doctrine," federal claims were wrongly characterized as state law claims; or (3) the state law claim requires the interpretation of federal law. Rivet v. Regions Bank, 522 U.S. 470, 475 (1998); Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 807-10 (1986).

With respect to ERISA, "the doctrine of complete preemption permits federal question removal of ERISA claims pleaded as state law claims." Holloman v. Mail-Well Corp., 443 F.3d 832, 835 n.1 (11th Cir. 2006).   Therefore, where complete preemption is present, a defendant may remove a case to federal court even when only state law claims are pled.  Kemp, 109 F.3d at 712. Complete preemption exists when a plaintiff seeks relief available under 29 U.S.C. § 1132(a). Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999). "However, the Secretary of Labor has promulgated a regulation that excludes certain 'payroll practices' from the application of ERISA." Stern v. International Business Machines Corp., 326 F.3d 1367, 1370 (11th Cir. 2003).  Under that regulation, an "employee benefit welfare plan" does not include "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons . . . ."  Id. citing 29 C.F.R. § 2510.3-1(b)(2).

The primary purpose behind the enactment of ERISA was to protect workers from the

mismanagement by the plan administrator of funds accumulated to finance employee benefits. Stern, 326 F.3d at 1372 quoting Massachusetts v. Morash, 490 U.S. 107, 115 (1989). "Where an employer pays occasional, temporary benefits from its general assets, there is no benefits fund to abuse or mismanage and no special risk of loss or nonpayment of benefits." McMahon v. Digital Equipment Corp., 162 F.3d 28, 36 (1st Cir. 1998).

Here, the STD Plan covers employees for up to 26 weeks when they suffer a physical or mental impairment that prevents them from performing the duties of their regular occupation. (Section 3.4 of the STD Plan; Summary Plan Description.)  Furthermore, the language of the STD Plan and Summary Plan Documents clearly state that the STD benefits are paid from Defendant's general assets. (Section 5.1 of the STD Plan; Summary Plan Description.)  By providing 70% of employee compensation, the STD Plan provides "normal compensation" for purposes of the payroll practices exemption.  See Bassiri v. Xerox Corp., 463 F.3d 927 (9th Cir. 2006) (a plan providing 60% of full salary provides "normal compensation") citing in support Langley v. DaimlerChrysler Corp., 407 F. Supp. 897, 912-15 (N.D. Ohio 2005); Havey v. Tenneco, No. 98 C 7137, 2000 WL 198445, at *8 (N.D. Ill. Feb.11, 2000); Hite v. Biomet, Inc., 38 F. Supp. 2d 720, 729-30 (N.D. Ind. 1999); Williams v. Great Dane Trailer Tenn., Inc., No. 94-2189-G/A, 1995 WL 447268, at *2 (W.D. Tenn. Jan. 20, 1995); Martin Marietta Energy Sys., Inc. v. Indus. Comm'n of Ohio, 843 F. Supp. 1206, 1211-12 (S.D. Ohio 1994).[1]  Based on the foregoing, the Court finds that the payroll practices exception applies and remand is therefore

---

[1] In finding that a plan providing less than full salary is "normal compensation," Bassiri also relied on twenty-five years of Department of Labor opinion letters.  Basseri, 463 F.3d at 933; see Franklin v. Blue Cross and Blue Shield of Florida, Inc., No. 3: 06-cv-101-J-32TEM , 2006 WL 2792893, at * 4 (M.D. Fla. Sept. 27, 2006).

appropriate.

Nonetheless, Defendant contends that ERISA applies.  To begin, Defendant states that the evidence demonstrates that it treated the STD Plan as an ERISA plan and points to the filing of the Form 5500s and the distribution of Summary Annual Reports.  However, the Eleventh Circuit has stated that while "[t]he way in which an employer characterizes its plan may be one factor, among others, in determining ERISA coverage," the "mere labeling of the plan [does] not determine whether ERISA applies." Stern, 326 F.3d at 1374.  Next, Defendant argues that the fact that Aetna, as the claim paying administrator, makes the Plan payments from an Aetna bank account mitigates against a finding that the STD Plan benefits are paid directly from Defendant's general assets.  Regardless of the administrative procedure for dispersing the funds, the STD Plan is *funded* entirely by Defendant's general assets. (Section 5.1 of the STD Plan; Summary Plan Description.)  Therefore, in this situation, "[w]hen the benefits are paid solely from general assets, the protections of ERISA are not necessary." Langley v. DaimlerChrysler Corp., 502 F.3d 475, 481 (6th Cir. 2007).

Moreover, the plan documents demonstrate that the contract for STD benefits is between Defendant and its employees.  Defendant's decision to retain Aetna to administer the plan does not change that contractual relationship.  See Walsh v. Life Ins. Co. of N. America, No. 06-10845-GAO, 2007 WL 2343657, at * 5 (D. Mass. Aug. 15, 2007) (STD payments from general assets to employees but administered by a third-party can fall under the "payroll practice" exception); Dept. of Labor Advisory Opinion 93-02A, 1993 ERISA LEXIS 2 (Jan. 12, 1993) (finding that an income replacement plan paid out of company's general assets but through a special checking account and administered by a third-party pursuant to an administrative services

6

contract can be considered a "payroll practice"). [2]

For the reasons stated herein, the Court concludes that the payroll practice exception to ERISA applies and that remand is appropriate.[3]

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court (DE 12) is **GRANTED** and Plaintiff's Motion for Attorney's Fees and Costs (DE 12) is **DENIED**.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of May, 2009.

_____
KENNETH A.  MARRA
United States District Judge

---

[2] The Eleventh Circuit has stated that "[a]lthough such opinion letters are not binding, the views of the agency entrusted with interpreting and enforcing ERISA carry considerable weight." Stern, 326 F.3d at 1372 citing Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir.1991).

[3] The Court denies Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.  Martin v. Frankling Capital Group, 546 U.S. 132, 136 (2005).  "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging  litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal."  Id. at 140-41.  Here, the Court notes that Defendant did provide some evidence in support of the exercise of federal jurisdiction.  Cf. Letner v. Unum Life Ins. Co. of Am., 203 F. Supp. 2d 1291, 1302 (N.D. Fla. 2001) (awarding attorney's fees and costs when case was removed without scintilla of legitimate evidence).  Moreover, the Court finds that Defendant did not remove the case for the purpose of prolonging litigation or imposing costs.  Rather, it removed the case to have a potential federal question, i.e., an ERISA issue, addressed by a federal court. Therefore, an award of attorney's fees and costs is not warranted.